James A. CISCO, et al.,
Plaintiffs-Appellants,

v.

UNITED STATES of America, Acting Through the ENVIRONMENTAL PROTECTION AGENCY, Defendant-Appellee.

No. 84–1799.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 16, 1985.

Decided March 28, 1985.

Publication Ordered May 30, 1985.

Before WOOD and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

---

* Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sit-

*Order*

Plaintiffs-Appellants [hereinafter Cisco] appeal the dismissal of their suit filed under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1976 & Supp. V 1981) [hereinafter FTCA]. The district court found that the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), barred Cisco's claim and accordingly dismissed Cisco's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). We AFFIRM.

The United States Supreme Court has recently addressed the discretionary function exception contained in § 2680(a), and that Court has found the following factors useful when applying § 2680(a) to the acts of Government employees:

First, it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case. . . . Thus, the basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability.

Second, whatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals. Time and again the legislative history refers to the acts of regulatory agencies as examples of those covered by the exception, and it is significant that the early tort claims bills considered by Congress specifically exempted two major regulatory agencies by name. See *supra*, at ——. This emphasis upon protection for regulatory activities suggests an underlying basis for the inclusion of an exception for discretionary functions in the Act: Congress wished to prevent judicial "second-guess-

ting by designation.

ing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort. By fashioning an exception for discretionary governmental functions, including regulatory activities, Congress took "steps to protect the Government from liability that would seriously handicap efficient government operations." *United States v. Muniz*, 374 U.S. 150, 163, 83 S.Ct. 1850, 1858, 10 L.Ed.2d 805 (1963).

*United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, — U.S. ——, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984) (footnote omitted).

Cisco contends that the United States, acting through the Environmental Protection Agency [hereinafter EPA], was negligent in failing to warn the members of several Jefferson County, Missouri households that dirt contaminated by 2, 3, 7, 8 tetrachlorodibenzo-para-dioxin had been used as residential landfill, negligent in failing to require that the contaminated dirt be removed, and negligent in failing to protect the households from exposure to the toxin. Whether the EPA acted negligently or even abused its discretion has no effect on the applicability of the discretionary function exception. *General Public Utilities Corporation v. United States*, 745 F.2d 239, 245 (3d Cir.1984). This Court must only consider whether the exception applies.

The Resource Conservation and Recovery Act of 1976, § 1003, 42 U.S.C. § 6902 (1976) has the objective of promoting the protection of health and the environment by, among other things, prohibiting open dumping of hazardous wastes, regulating the disposal of those wastes, and promulgating guidelines for the disposal of hazardous wastes. Under § 3008 of the Act, the Administrator of the EPA may issue compliance orders or may begin civil actions against violators of the Act. 42 U.S.C. § 6928(a)(1) (1976 & Supp. IV 1980). Under the proper circumstances, the Administrator may order the owner of a hazardous waste site or facility to monitor, test, analyze and report the extent and nature of a suspected hazard. *Id.* § 6934(a). The Administrator may also conduct the monitoring, testing, and analyzing himself or authorize a state or local authority to do so. *Id.* § 6934(d)(1). Executive Order No. 12316, 46 Fed.Reg. 42237 (1981) gives the Administrator the authority to act under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, Pub.L. No. 96–510, 94 Stat. 2767 to act, consistent with the national contingency plan, 40 C.F.R. § 300 (1984), to remove hazardous wastes or to take any response to protect public health or the environment. *See* 42 U.S.C. § 9604(a)(1) (1976 & Supp. IV 1980). Nothing in these acts, statutes and regulations requires the EPA to warn property owners that residential landfalls have been contaminated by highly toxic wastes or to remove those wastes. Congress has left to the EPA to decide the manner in which, and the extent to which, it will protect individuals and their property from exposure to hazardous wastes.

When an agency makes decisions regarding the supervision of private individuals, it is exercising discretionary regulatory authority of the most basic kind. Decisions as to the manner of enforcing regulations directly affect the feasibility and practicality of the Government's regulatory program; such decisions require the agency to establish priorities for the accomplishment of its policy objectives by balancing the objectives sought to be obtained against such practical considerations as staffing and funding.... Judicial intervention in such decisionmaking through private tort suits would require the courts to "second-guess" the political, social, and economic judgments of an agency exercising its regulatory function. It was precisely this sort of judicial intervention in policymaking that the discretionary function exception was designed to prevent.

*Varig Airlines*, 104 S.Ct. at 2768.

In deciding not to warn Cisco about the contaminated landfill and in deciding not to

remove the contaminated dirt from the landfill, the EPA made political, social and economic judgments pursuant to its grant of authority. Cisco may not challenge those judgments under the FTCA because they fall within the discretionary function exception of 28 U.S.C. § 2680(a).

Because of our disposition of this appeal, this Court need not discuss the "Good Samaritan" theory advanced by Cisco or the applicability of the misrepresentation exception to the FTCA.

The district court's order of dismissal is AFFIRMED.