**Karen RUSSELL, Individually and as Personal Representative of the Estate of R. Scott Russell, deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 83–1947.**

United States Court of Appeals, Tenth Circuit.

June 10, 1985.

D. David Lambert, Howard, Lewis & Petersen, Provo, Utah (Jackson Howard with him on the brief), for plaintiff-appellant.

Frederic Freilicher, Dept. of Justice, Washington, D.C. (Richard K. Willard, Acting Asst. Atty. Gen., Civil Div., John J. Powers, Dept. of Justice, Washington, D.C., and Brent D. Ward, U.S. Atty., Salt Lake City, Utah, with him on the brief), for defendant-appellee.

Before BARRETT, McWILLIAMS and LOGAN, Circuit Judges.

PER CURIAM.

Plaintiff Karen Russell, individually and as personal representative of the Estate of R. Scott Russell, deceased, brought this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. The complaint alleged that employees of the Mine Safety and Health Administration of the Department of Labor were negligent in their inspections of a Utah coal mine and that this negligence was the proximate cause of the fall and subsequent death of R. Scott Russell, a mine employee. The amended complaint asserted that the United States owed a duty to R. Scott Russell under a "good samaritan" theory of liability that the State of Utah would recognize.

The district court granted the government's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. We affirm on the basis of the FTCA's discretionary function excep-

tion, 28 U.S.C. § 2680(a), and need not consider the district court's analysis of the underlying cause of action.

This case is indistinguishable from *Hylin v. United States,* 755 F.2d 551 (7th Cir. 1985) (per curiam), decided after remand from the Supreme Court, which had vacated that circuit's earlier decision and ordered reconsideration in light of *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines),* — U.S. —, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). *See United States v. Hylin,* — U.S. —, 105 S.Ct. 65, 83 L.Ed.2d 16 (1984). *Varig Airlines* held that certification of commercial aircraft airworthiness by federal agencies is a discretionary function under the FTCA. The vacated decision in *Hylin,* 715 F.2d 1206, 1217 (7th Cir.1983), had allowed an FTCA action against the United States based on negligent acts of federal mine inspectors which had allegedly caused a mine employee's death. Upon reconsideration, the Seventh Circuit stated that, in light of *Varig Airlines,* "If the regulatory inspection and enforcement activities of an agency require its employees to exercise discretion in performing their duties, the discretionary function exception bars tort claims against the government based upon those performances." *Hylin,* 755 F.2d at 553. Although the coal mine inspections by the Mine Safety and Health Administration that are at issue here are governed by the Federal Mine Safety and Health Amendments Act of 1977, 30 U.S.C. §§ 801–962, rather than the now repealed provisions of the Federal Metal and Nonmetallic Mine Safety Act of 1966 that governed the inspections in *Hylin,* we believe that inspections under the 1977 Act also fall within the discretionary function exception to the FTCA's waiver of sovereign immunity. *Compare* 30 U.S.C. § 813(a) (coal mine inspections) *with Hylin,* 755 F.2d at 554 (discussing scope of Mine Enforcement and Safety Administration's discretion in enforcing provisions of the now repealed statute). Like the Seventh Circuit, we see no principled distinction be-

tween the cause of action asserted here and that rejected in *Varig Airlines.*

AFFIRMED.