**Donald M. BACON, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 85–1644C(3).**

United States District Court, E.D. Missouri, E.D.

June 5, 1986.

---

tion for Leave to Amend Response to Request for Admission".

**2.** Miss.Code Ann. Sections 75–2–201, 15–3–1 (1972).

Jerome Wallach, Wallach & Steele, St. Louis, Mo., and Robert L. Hartzog, Dearing & Hartzog, Clayton, Mo., for plaintiffs.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., Judith M. Sack and Anthony R. Sherr, Trial Attys., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on defendant's motions for reconsideration of its motion to dismiss or for interlocutory appeal; to stay district court proceedings; and for summary judgment. Defendant has also requested oral argument on its motion for summary judgment.

Defendant's motion for summary judgment must be granted. Plaintiffs, employees of a company contracted to repair roadways in Times Beach, Missouri, brought this suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, to recover for injuries allegedly suffered from exposure to dioxin contaminating these same roadways. Plaintiffs claim that their injuries were caused by defendant. Specifically, plaintiffs state that the United States Department of Housing and Urban Development (HUD) improperly granted a St. Louis County application for a Community Development Block Grant to repair dioxin contaminated roads in Times Beach, and failed to warn plaintiffs of the presence of dioxin on these roads or protect them from it.

Plaintiffs also allege that while they were repairing Times Beach streets, employees of the United States Environmental Protection Agency (EPA) were conducting tests for dioxin in Times Beach, clothed in full protective garb. Plaintiffs charge that the EPA failed to deny the County's application for federal assistance and failed to warn or protect plaintiffs.

On September 20, 1985, defendant moved to dismiss plaintiffs' complaint, arguing that it is not amenable to suit under the FTCA in this case because, inter alia, the discretionary function exception to the FTCA bars plaintiffs' suit. On February 27, 1986, the Court denied defendant's motion to dismiss finding that it did not then appear beyond doubt that plaintiffs could prove no set of facts in support of their claim that would entitle them to relief. On April 7, 1986, defendant filed its motion for reconsideration or certification for interlocutory appeal, and its motion to stay district

court proceedings. Defendant moved for summary judgment on April 22, 1986, and requested oral argument on this motion on May 14, 1986.

■ Plaintiffs' suit against defendant is barred by the discretionary function exception to the FTCA. A party may bring a cause of action against the United States only to the extent it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976). A party bringing a cause of action against the federal government bears the burden of demonstrating an unequivocal waiver of immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984).

■ The discretionary function exception to the government's waiver of sovereign immunity under the FTCA precludes the exercise of jurisdiction over any claims "based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). *See Dalehite v. United States*, 346 U.S. 15, 33, 73 S.Ct. 956, 967, 97 L.Ed. 1427 (1953). The nature of the conduct involved governs whether the discretionary function exception applies. *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). "[T]he basic ... inquiry is whether the challenged acts of a government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability." *Id.* at 813, 104 S.Ct. at 2764. The purpose of the exception is to prevent judicial second-guessing of administrative decisionmaking based on social, economic, and political policy. *Id.* at 814, 104 S.Ct. at 2765. "[I]f judicial review would encroach upon this type of balancing done by an agency, then the exception would apply." *Begay v. United States*, 768 F.2d 1059, 1064 (9th Cir.1985).

Plaintiffs' allegations in this case are subsumed by the discretionary function exception. Plaintiffs' claims against defendant are based upon HUD's decisions regarding approval of St. Louis County's request for block grant assistance and EPA's investigation of potential dioxin contamination. These agency activities involve decisionmaking that is grounded in social, economic, and political policy.

HUD granted financial assistance to St. Louis County pursuant to the Housing and Community Development Act of 1974, 42 U.S.C. §§ 5301–5320. A central intent of Congress in passing this law was to expand the role and responsibility of local governments in implementing community development programs and minimize federal interference with community decisions. S.Rep. No. 93–693, 93d Cong., 2d Sess. 48, 55–56 (1974) *reprinted in* U.S.CODE CONG. & AD.NEWS 1974, p. 4273; H.R.Rep. No. 93–1114, 93d Cong., 2d Sess. 3 (1974). Accordingly, Congress amended the Act in 1981 to enable HUD to grant applications for federal funds solely upon a final statement of development objectives and a projected use of funds. Pub.L. 97–35, 95 Stat. 386 (codified as amended 42 U.S.C. § 5304(a)(1)). HUD is not required to deny block grants for areas contaminated by hazardous waste or protect anyone from the presence of hazardous waste.

The EPA acted pursuant to a number of statutes. Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9657; Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901–6987; Toxic Substances Control Act, 15 U.S.C. § 2601 et seq. The agency, as authorized, was conducting soil sampling and pilot medical-epidemiologic studies in Times Beach to determine the extent of potential dioxin contamination and develop remedial measures. The EPA, however, is not *compelled* to warn or protect citizens from toxic waste. Congress has left to the agency to determine the protection it will provide to citizens.

Thus, the acts of HUD and the EPA from which plaintiffs allege wrongdoing— the process by which HUD approves a request for block grant assistance and the means by which the EPA develops and

implements a national environmental policy—are discretionary acts. They involve agency policy choices that Congress intended to shield from judicial scrutiny under the discretionary function exception to the FTCA.

The Seventh Circuit recently has considered similar facts and found the government immune from suit under the discretionary function exception to the FTCA. *Cisco v. United States,* 768 F.2d 788 (7th Cir.1985). In *Cisco,* the plaintiff alleged that the United States, acting through the EPA, negligently failed to warn members of several Jefferson County, Missouri, homes that dioxin contaminated dirt had been used as a residential landfill, negligently failed to require that the dirt be removed, and negligently failed to protect the households from exposure to the dioxin. The appellate court found that:

> In deciding not to warn Cisco about the contaminated landfill and in deciding not to remove the contaminated dirt from the landfill, the EPA made political, social and economic judgments pursuant to its grant of authority. Cisco may not challenge those judgments under the FTCA because they fall within the discretionary function exception of 28 U.S.C. § 2680(a).

*Id.* at 789–90.

Courts generally have held that the investigation, deliberation, and decision if and when to issue a warning are discretionary activities that are not actionable in an FTCA suit. *Dalehite, supra,* 346 U.S. at 43, 46, 73 S.Ct. at 973; *Cisco, supra,* 788 F.2d at 789–90; *Begay, supra,* 788 F.2d at 1065. Although the Eighth Circuit has held the discretionary function exception inapplicable to claims that government employees failed to comply with regulations or policies designed to guide their actions in a particular situation, *Aslakson v. United States,* 790 F.2d 688 (8th Cir.1986); *McMichael v. United States,* 751 F.2d 303 (8th Cir.1985), the instant case is distinguishable. Here, neither HUD nor the EPA violated statutes, regulations, policies, or procedures in granting St. Louis County's request for a block grant or failing to warn or protect plaintiffs from dioxin.

Both agencies weighed public policy considerations and formulated a course of conduct.

Accordingly, defendant's motion for summary judgment will be granted.

## ORDER

A memorandum dated this day is hereby incorporated into and made a part of this order.

IT IS HEREBY ORDERED that defendant's motion for summary judgment be and the same is granted.

IT IS HEREBY FURTHER ORDERED that defendant's motions for reconsideration or certification for interlocutory appeal, to stay district court proceedings, and its request for oral argument on its summary judgment motion be and the same are denied as moot.