**Donald M. BACON; Judith G. Bacon; Harold L. German; Patricia R. German; Clyde Gabbert; Melba J. Gabbert; and Jim Parker, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 86–1853.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1987.

Decided Feb. 6, 1987.

Jerome Wallach, St. Louis, Mo., for appellants.

Joan M. Bernott, Washington, D.C., for appellee.

Before ARNOLD, JOHN R. GIBSON and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Donald M. Bacon, et al. (appellants) brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, to recover for injuries allegedly suffered from exposure to dioxin while repairing roadways pursuant to federal block grant funding, in Times Beach, Missouri. The district court[1] entered summary judgment[2] in favor of the defendants, based on

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. Summary judgment is proper under Fed.R. Civ.P. 56(c) " 'if the pleadings, depositions, an-

swers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *See Celotex Corp. v.*

the FTCA's discretionary function exception, 28 U.S.C. § 2680(a). For the reasons set forth below, we affirm the district court's order.

## I. BACKGROUND.

There are seven appellants in this action. They include Donald Bacon, Harold German, Clyde Gabbert and Jim Parker, all of whom performed road work for T & M Construction Co., pursuant to a contract dated October 18, 1982, with the City of Times Beach and the St. Louis Department of Human Resources. The wives of Bacon, German and Gabbert are also appellants.

The complaint alleges that in 1982 the United States Department of Housing and Urban Development (HUD) improperly granted a block grant to St. Louis County for the repair of roads in Times Beach. HUD allegedly failed to warn the four appellants who were employed to do work on the roads of the presence of the dioxin, resulting in alleged physical and psychological injuries. The complaint also alleges that during the repair of the Times Beach roads, in November and December of 1982, the United States Environmental Protection Agency (EPA) conducted tests for dioxin in the area, without warning the appellants of the dioxin problem.

The appellants filed administrative claims with HUD and the EPA, which were denied on January 23, 1985. Thereafter, they brought this suit for damages under the FTCA. On September 20, 1985, the government filed a motion to dismiss arguing, *inter alia*, that it was immune from suit under the discretionary function exception to the FTCA. The district court denied this motion, and thereafter the government filed motions for reconsideration or certification for interlocutory appeal, to stay the

district court proceedings, and for summary judgment. On June 5, 1986, the district court granted the government's motion for summary judgment, based on the discretionary function exception to the FTCA. This appeal followed.

## II. DISCUSSION.

Appellants contend that the district court erred as a matter of law in dismissing their case, because the negligent conduct complained of was of an operational, rather than discretionary, nature. The appellants do *not* argue that either HUD or the EPA in any way caused the dioxin contamination in Times Beach, nor do they claim that either HUD or the EPA was negligent in conducting an investigation or inspection of safety conditions. They claim only that the defendants, in particular the EPA employees who performed the dioxin testing during November and December of 1982, were negligent in their failure to warn the roadworkers of the possible dioxin hazard.

■ A party may bring a cause of action against the United States only to the extent it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976). The FTCA creates such a waiver of sovereign immunity. *Id.*, 425 U.S. at 813, 96 S.Ct. at 1975; *see* 28 U.S.C. § 1346(b).[3] Its purpose is "to compensate the victims of negligence in the conduct of governmental activities in circumstances like those in which a private person would be liable and not to leave just treatment to the caprice and legislative burden of individual private laws." *Indian Towing Co. v. United States*, 350 U.S. 61, 68–69, 76 S.Ct. 122, 126–27, 100 L.Ed.2d 48 (1955). Thus the FTCA applies to decisions by federal agencies at the "operational" level, whereas deci-

---

*Catrett*, —— U.S. ——, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

**3.** The statute provides in pertinent part that: [T]he district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (1982).

sions, or failures to make a decision, on the "policy or planning" level are exempt under the statute's discretionary function exception. *See Mandel v. United States,* 793 F.2d 964, 967 (8th Cir.1986); 28 U.S.C. 2680(a).[4]

■ The Supreme Court has set forth two factors as "useful in determining when the acts of a Government employee are protected from liability by [the discretionary function exception to the FTCA]." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 813, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984). First, one looks at "the nature of the conduct" in question to determine whether it is "of the nature and quality that Congress intended to shield from tort liability." *Id.,* 467 U.S. at 813, 104 S.Ct. at 2765. Second, one must consider the underlying basis for the discretionary function exception. *Id.* In *Varig Airlines,* the Court recognized that Congress clearly intended for the exception to apply when the government was involved in regulatory activity. *Id.,* 467 U.S. at 813–14, 104 S.Ct. at 2765; *see also Aslakson v. United States,* 790 F.2d 688, 691 (8th Cir. 1986) (setting forth *Varig Airlines* analysis). The Court thus concluded that a purpose of the exception is "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Varig Airlines,* 467 U.S. at 814, 104 S.Ct. at 2765.

In analyzing the nature and scope of the discretionary function exception under *Varig Airlines,* this court has reasoned that once the government has adopted a specific safety policy with regard to a particular matter, the exception does not apply. *Aslakson* 790 F.2d at 693; *see also Mandel,* 793 F.2d at 967. This court has

thus held that the National Park Service's failure to warn of hazardous conditions in a park was *not* covered by the discretionary function exception, because the Park Service violated its own previously adopted safety policy. *Mandel,* 793 F.2d at 967–68.

In holding that the discretionary function exception applies to the present case, the district court relied primarily on *Cisco v. United States,* 768 F.2d 788 (7th Cir.1985). There the Seventh Circuit held that the EPA's decision not to warn property owners about the dioxin contamination of a residential landfill fell within the discretionary function exception of the FTCA. *Cisco,* 768 F.2d at 789–90. The Seventh Circuit reasoned that because the applicable statutes and regulations did not require the EPA to warn property owners of the dioxin contamination or to otherwise protect them, the manner and extent to which the EPA protected individuals from the dioxin was a matter of its own discretion. *Id.* at 789. This court's analysis in *Mandel* and *Aslakson, supra,* was consistent with the Seventh Circuit's focus on whether the EPA's failure to warn violated a preexisting agency policy.

Appellants do not dispute the district court's conclusions that HUD is not legislatively required to deny block grants for areas contaminated by dioxin or to otherwise protect anyone from the presence of dioxin. Nor do they dispute that the EPA is not required by statute or regulation to warn or protect citizens from dioxin contamination. Rather, they argue that the government never made a policy decision not to warn of the dangerous conditions, so the discretionary function exception does not apply.

■ This argument is without merit, based on the Seventh Circuit's reasoning in *Cisco v. United States, supra,* and the

---

**4.** The discretionary function exception of the FTCA provides:

The provisions of this chapter and section 1346(b) of this title shall not apply to—
(a) Any claim based upon an act *or omission* of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or

regulation be valid, or based upon the exercise or performance *or the failure to exercise or perform a discretionary function* or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680 (1982) (emphasis supplied).

language of the statute. Although the EPA was conducting tests in Times Beach for the presence of hazardous wastes at the time of appellants' alleged injury, it had not reached any conclusions regarding the presence of dioxin, nor had it adopted a safety policy requiring warnings to persons exposed to areas *potentially* contaminated by dioxin. Appellants' claim is thus based upon a "failure to exercise or perform a discretionary function," within the meaning of 28 U.S.C. § 2680(a). Accordingly, the summary judgment of the district court is affirmed.