**Sherman FRIED, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

No. 81 C 5387.

United States District Court, N.D. Illinois, E.D.

Nov. 30, 1987.

James A. Romanyak, Romanyak & Miller, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty., William T. Clabault, Asst. U.S. Atty., Russell M. Young, U.S. Dept. of Energy, Richard K. Willard, Acting Asst. Atty. Gen., Civil Div., Ralph H. Johnson, Asst. Dir., Torts Branch, Civil Div., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

The facts and procedural history of this Federal Tort Claims Act ("FTCA") action were detailed in our earlier opinion, *Fried v. United States*, 579 F.Supp. 1212 (N.D.Ill. 1983). ("*Fried I*"), and will be briefly noted only to the extent that they bear upon the issues presently before us. In *Fried I* we held that the United States had sufficient control over the operation of Argonne National Laboratory ("ANL")—the nuclear research facility where plaintiff Fried was allegedly injured—to subject it to liability under Illinois law, thus bringing the government within the reach of the FTCA. We also held that the United States was not entitled to statutory immunity under the Illinois Workers Compensation law.

The one remaining defendant, the United States, now moves for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting that plaintiff's claims are barred by the discretionary function exception to the FTCA. 28 U.S.C. § 2680(a). We agree, and therefore grant defendant's motion for summary judgment.

## FACTS

The relevant undisputed facts are as follows. The ANL is owned by the United States and is operated by the University of Chicago ("University"). Plaintiff was employed by the University as a radio chemist and worked at ANL.

A contract between the United States, the University, and an association of universities involved in research at ANL controls the direction, operation and management of ANL. Specifically, the contract allows the government to oversee ANL's operational safety through a spot-check appraisal program. The spot-check system was designed and implemented by staff officers of the then Atomic Energy Commission, now designated as the Department of Energy ("government"). These officers visit a select group of ANL buildings annually and conduct on-site evaluations of their operations. Based on their observations, these appraisers make recommendations for safety improvements and draft formal appraisal reports suggesting any changes they feel should be made. The government also establishes and enforces standards for the storage and disposal of special nuclear materials, including plutonium, at ANL.

Plaintiff claims that on September 2, 1980, he was testing and analyzing the contents of a sealed glass ampule containing liquid nuclear waste material (plutonium and americium) prior to its disposal. The contents of the ampule were stored under pressure in an acid solution. Plaintiff alleges that the sealed ampule exploded in his hand, exposing him both internally and externally to poisonous nuclear waste. Plaintiff's FTCA claim asserts defendant negligently allowed the ampule to be stored in an unsafe manner and negligently failed to prevent the ampule from exploding and injuring him.

## DISCUSSION

### I. Subject Matter Jurisdiction

The FTCA provides exclusive jurisdiction in federal district courts over all tort claims against the United States. 28 U.S.C. § 1346(b). The place "where the act or omission occurred" determines which state's law will apply to a dispute brought under the FTCA. *Richards v. United States,* 369 U.S. 1, 8–10, 82 S.Ct. 585, 590–91, 7 L.Ed.2d 492 (1962); *Bowen v. United States,* 570 F.2d 1311, 1315 (7th Cir.1978). Neither party disputes that plaintiff's alleged injury occurred in Illinois, and this court held in *Fried I* that plaintiff stated a viable negligence claim under Illinois law. Thus we hold this court may properly consider plaintiff's FTCA claim. *See Misany v. United States,* 826 F.2d 612, 614 (7th Cir.1987) (*per curiam*).

### II. Federal Tort Claims Act

#### A. Discretionary Function Exception

The discretionary function exception provides in pertinent part that the United States may not be held liable, despite the general waiver of sovereign immunity embodied in the FTCA, for

> [a]ny claim based upon an act or omission of an employee of the Government ... or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). When this case was filed a number of courts took a rather restricted view of the discretionary function exception. *See, e.g., McGarry v. United States,* 549 F.2d 587 (9th Cir.1976), *cert. denied,* 434 U.S. 922, 98 S.Ct. 398, 54 L.Ed.2d 279 (1977). The development of the law since then, however, has not been kind to plaintiff. In 1984 the parameters of the discretionary function exception were expansively described by the Supreme Court in *United States v. S.A. Empresa de Viacao Aerea Rio Grandese,* and its companion case, *United States v. United Scottish Insurance Co.,* 467 U.S. 797, 104 S.Ct.

2755, 81 L.Ed.2d 660 (1984) ("*Varig Airlines*"). These cases involved airplane crashes which the plaintiff attributed to the Federal Aviation Administration's negligence in inspecting and certifying aircraft. In *Varig Airlines* plaintiffs argued that the FAA's negligence lay in part in its decision to implement and apply the spot-check system of compliance review. In holding the FAA's action exempt under the FTCA's discretionary function exception, the Supreme Court stated:

> When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind. Decisions as to the manner of enforcing regulations directly affect the feasibility and practicality of the Government's regulatory program; such decisions require the agency to establish priorities for the accomplishment of its policy objectives by balancing the objectives sought to be obtained against such practical considerations as staffing and funding.... Judicial intervention in such decisionmaking through private tort suits would require the courts to "second-guess" the political, social, and economic judgments of an agency exercising its regulatory function. It was precisely this sort of judicial intervention in policymaking that the discretionary function exception was designed to prevent.

*Id.* at 819–20, 104 S.Ct. at 2767–68, *quoted in Cisco v. United States,* 768 F.2d 788, 789 (7th Cir.1985). Employees exercising discretion, as well as the government agencies themselves, are immune. *Dalehite v. United States,* 346 U.S. 15, 33, 73 S.Ct. 956, 966–67, 97 L.Ed. 1427 (1953). Thus, challenges to governmental regulatory or enforcement functions are barred by the discretionary function exception to the FTCA.

As in *Varig Airlines,* plaintiff Fried challenges the negligent failure of the government staff officers to discover non-compliance with its safety regulations. Plaintiff also maintains the government was negligent in performing its duty to supervise and control the storage and handling of nuclear materials at ANL. Whether the government or its employees were negligent, or even abused their discretion, is irrelevant to the discretionary function analysis. *Boruski v. United States,* 803 F.2d 1421, 1429 (7th Cir.1986); *Cisco,* 768 F.2d at 789; *Hylin v. United States,* 755 F.2d 551, 553 (7th Cir.1985). This court must focus instead on the nature of the challenged governmental activity to determine whether the exception applies. *Cisco,* 768 F.2d at 789; *Hylin,* 755 F.2d at 553.

The "discretionary function" concept has been troublesome. In the aftermath of *Dalahite* some courts distinguished between planning and operational decisions, but that distinction does not appear to survive the *Varig Airlines* emphasis on the nature of the governmental action rather than the status of the actor. *See Mitchell v. United States,* 787 F.2d 466 (9th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 163, 98 L.Ed.2d 118 (1987); *Begay v. United States,* 768 F.2d 1059 (9th Cir.1985). *But see Aslakson v. United States,* 790 F.2d 688 (8th Cir.1986); *Pooler v. United States,* 787 F.2d 868 (3d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986). Other courts have distinguished between regulations monitoring private action, as in *Varig Airlines,* and propriety activities by the government. *E.g., Aslakson v. United States, supra; McMichael v. United States,* 751 F.2d 303 (8th Cir.1985). That distinction is difficult to maintain in view of *Dalehite,* and other courts have rejected it. *E.g., Mitchell v. United States, supra.* Other courts have ignored the discretionary exemption, *e.g., Henderson v. United States,* 784 F.2d 942 (9th Cir.1986); *Gardner v. United States,* 780 F.2d 835 (9th Cir.1986), perhaps because the defense was not raised. *Compare Smith v. Johns-Manville Corp.,* 795 F.2d 301, 307 & n. 9 (3d Cir.1986), *with Merklin v. United States,* 788 F.2d 172 (3d Cir.1986) (*Smith* distinguished a decision in *Merklin* upholding jurisdiction on a claim on the ground that an immunity defense had not been raised in *Merklin*). Some have emphasized the failure to warn of a known hazard, *e.g., Angel v. United States,* 775

F.2d 132 (6th Cir.1985); *Baker v. United States,* 817 F.2d 560 (9th Cir.1987), while others have considered a decision not to warn to be a discretionary policy judgment, *see Berkovitz v. United States, supra,* or the failure to warn the negligent implementation of a discretionary policy. *See Hylin v. United States, supra.* Still others, in finding jurisdiction, have pointed to the highly structured, almost mechanical governmental involvement, *see McMichael v. United States, supra,* or to a mandatory duty imposed upon the government. *See Baker v. United States, supra.*

Any decision invariably involves some measure of discretion and may well involve some measurable expense. A driver uses judgment in turning left. An official exercises discretion in deciding that a pothole should be filled, a crossing gate repaired, or a vehicle's brakes relined, and budgetary considerations may be important to his decision. Inadequate warnings may result in governmental liability in some instances, *Davis v. United States,* 716 F.2d 418 (7th Cir.1983) but not in others, *Smith v. Johns-Manville Corp., supra.* We may recognize that inadequate posting of warning signs constitutes run-of-the-mill negligence in a heavily used recreational area, *Davis v. United States, supra,* while we understand that no signs at all is a permissible policy decision in an unspoiled wilderness area. A standard related to the exercise of any discretion would largely eliminate any governmental liability, *Aslakson v. United States, supra,* and an emphasis on whether a decision has any budgetary implications, a factor in *Totten v. United States,* 806 F.2d 698 (6th Cir.1986), tends in that direction. The issue, rather, is whether the government action or inaction "is the type of decision that Congress intended to shield from tort liability in order to preserve a zone within which choice by governmental personnel can be exercised without threat of suit under the FTCA," *Baker v. United States, supra,* at 563, and that is an issue which does not lend itself to resolution by verbal formulations and general standards.

Those difficulties do not, however, help Mr. Fried. The courts have recognized,

with virtual unanimity, that the manner in which the government monitors private activity involves the exercise of discretionary judgment which cannot be reviewed through the mechanism of tort liability. That is so whether the monitoring is incident to regulating private activity, as in *Varig Airlines,* or arises from a decision to delegate an economic activity to a private actor, that private actor having primary responsibility for the proper conduct of that activity while the government retains the authority to monitor that conduct. *E.g., Feyers v. United States,* 749 F.2d 1222 (6th Cir.1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985).

The governmental program here is of the latter nature. In implementing the spot-check safety appraisal program the government exercised its broad discretionary authority to meet the goal of ensuring safety at ANL. While the government's stated goal is to provide "reasonable assurance" that "adequate provisions" are made for the protection of employees and the public's health and safety (AEC Safety Manual at 3), the means of achieving these ends are entirely within the government's control. Specifically, the government's staff officers, using the spot-check system they had decided was appropriate, select which operations to monitor, determine what procedures to follow in conducting their appraisals, choose the operational activities on which to concentrate, and, on the basis of their assessments, recommend improvements they feel are necessary at ANL. Thus these government appraisers exercise discretion in fulfilling their inspection and enforcement duties.

Guided by general government standards, government officials also exercise discretion in determining the appropriate means of storing and disposing of nuclear solutions at ANL. They determine which materials to store at ANL and which to ship to other areas of the country to achieve safe disposal of unneeded nuclear materials. They also decide which form these materials take for safe shipping and disposal purposes. Because the govern-

ment exercises broad discretionary powers to achieve safety at ANL, we hold defendant's action in designing and implementing safety programs exempt under § 2680(a).

### B. Summary Judgment

Plaintiff raises factual issues concerning defendant's negligence in storing the ampule that allegedly injured him. However, factual disputes relating to the government's alleged negligence are irrelevant to the central issue of whether the governmental functions performed at ANL were discretionary. *Cisco*, 768 F.2d at 789; *Hylin*, 755 F.2d at 553. As these facts are not material to this court's discretionary function analysis, they will not preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). *See also Cameron v. Frances Slocum Bank & Trust Co.*, 824 F.2d 570, 574 (7th Cir.1987) (substantive law determines which facts material). Since we find the functions performed by the government and ANL fit within the discretionary function exception of the FTCA, we grant defendant's motion for summary judgment.

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.