**FAIRCHILD REPUBLIC COMPANY, a corporation, Third–Party Plaintiff,**

v.

**The UNITED STATES and The Department of the Air Force, Third–Party Defendants.**

**Cause No. 86–3318.**

United States District Court, S.D. Illinois.

Nov. 17, 1988.

Edward L. Adelman, Dunham, Boman & Leskera, East St. Louis, Ill., for Fairchild Republic Co.

Ina L. Strichartz, Judith N. Macaluso, Trial Atty., Torts Branch, Civ. Div., Dept. of Justice, Washington, D.C., Robert L. Simpkins, Asst. U.S. Atty., East St. Louis, Ill., for USA and U.S. Air Force.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is third-party defendants' motion to dismiss or, in the alternative, for summary judgment. In its second amended third-party complaint, Fairchild asks that the third-party defendants be held liable in indemnity or contribution for all or part of the amount which Catherine Baker, administratrix of the estate of Gea-

rold Baker, received in settlement with Fairchild.

## I. PROCEDURAL HISTORY

The original plaintiff, Gearold Baker, brought suit against Fairchild, alleging that he had incurred an asbestos-related disease as a result of his exposure to Fairchild's products while employed as an aircraft mechanic for the Department of the Air Force at Scott Air Force Base in Illinois, between 1962 and 1966.

Baker's fifth amended complaint was framed in four counts. Counts I and II were based on defendants' strict liability for design or manufacturing defects in aircraft auxiliary power units with exhaust system asbestos tape assemblies, which were designed, distributed, manufactured or sold by Fairchild. Counts III and IV were based on defendants' alleged negligence in using asbestos for the insulation of the auxiliary power units, which Fairchild knew or should have known would cause injury to persons in contact with the units, and in failing to warn Baker of the dangers of asbestos exposure. Following Gearold Baker's death, Catherine Baker was substituted as plaintiff.

Subsequently, Fairchild filed a third-party complaint against the United States and the Department of the Air Force seeking contribution or indemnity pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671–2680. Thereafter, Fairchild filed a second amended third-party complaint which is before this Court. Specifically, Fairchild alleges that the Air Force was negligent in failing to warn Baker and Fairchild of the dangers of asbestos inhalation, in supplying asbestos tape to Baker and requiring him to use it in his work on the airplane, in allowing asbestos dust to remain in the workplace, and in failing to provide Baker with protective equipment to prevent inhalation of asbestos.

Baker subsequently settled the original action with Fairchild and voluntarily dismissed the complaint. Counts I and II were voluntarily dismissed on July 18, 1986. Counts III and IV were dismissed with prejudice on April 7, 1987, pursuant to a stipulation for dismissal. Therefore, only the second amended third-party complaint remains before the Court.

The second amended third-party complaint is framed in two counts. Count I seeks recovery based on indemnity for the liability of Fairchild to Baker under the negligence counts (Counts III and IV) of Baker's fifth amended complaint. Count II seeks recovery based on contribution for the liability of Fairchild to Baker under the negligence counts (Counts III and IV) of Baker's fifth amended complaint.

The United States and the Air Force seek dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6), asserting that the Court lacks subject matter jurisdiction and that Fairchild has failed to state a claim upon which relief can be granted. The defendants move, in the alternative, for summary judgment, pursuant to Fed.R.Civ.P. 56.

## II. JURISDICTION

■ The Court will first address the motion to dismiss for lack of subject matter jurisdiction. The issue of the Court's jurisdiction is one which is properly considered under Fed.R.Civ.P. 12(b)(1), not under Rule 56. *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir.1987); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir.1987). As the court in *Shockley* stated, "A grant of summary judgment is a decision on the merits, whereas if a court concludes it has no jurisdiction, it must dismiss the case without reaching the merits. The question of jurisdiction is therefore inappropriate for summary judgment." *Id.* (citations omitted). Moreover, the Court may consider matters outside the pleadings which bear on a motion to dismiss for lack of jurisdiction without converting that motion into one for summary judgment. *Sanchez v. Edgar*, 710 F.2d 1292, 1295 (7th Cir.1983).

In the case at bar, Fairchild asserts that this Court has subject matter jurisdiction under the FTCA, 28 U.S.C. §§ 1346(b) and 2671, et seq. The defendants respond that this Court is deprived of subject matter jurisdiction by the "discretionary function exception" found in 28 U.S.C. § 2680.

It is well-established that the United States, as a sovereign, may only be sued to the extent that it has consented to suit by statute. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). "A waiver of sovereign immunity 'cannot be implied, but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) *quoting United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). Moreover, statutory waivers of sovereign immunity must be strictly construed. *United States v. Sherwood*, 312 U.S. at 590, 61 S.Ct. at 771; *Lojuk v. Quandt*, 706 F.2d 1456, 1461 (7th Cir.1983). Finally, the plaintiff bears the burden of establishing that immunity has been waived. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 187–89, 56 S.Ct. 780, 784–85, 80 L.Ed. 1135 (1936); *Seglin v. Esau*, 769 F.2d 1274, 1277 (7th Cir.1985).

## A. THE FEDERAL TORT CLAIMS ACT

In the FTCA, 28 U.S.C. §§ 1346(b) and 2671, et seq., Congress provided a limited waiver of sovereign immunity in cases involving the torts of government employees. Section 1346(b) provides, in pertinent part, that:

> [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Defendants maintain that, under this section, this Court has subject matter jurisdiction.

## B. THE DISCRETIONARY FUNCTION EXCEPTION

However, § 2680 provides several exceptions to the jurisdictional grant of § 1346(b). Under § 2680, neither § 1346, nor Chapter 171 (Tort Claims Procedure), apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680. The discretionary function exception has been a much litigated subject, yet the Supreme Court has been reluctant to define its parameters. The leading case interpreting this provision of the FTCA is *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Although subsequent cases seemed to limit *Dalehite*, the Supreme Court squarely reaffirmed the *Dalehite* holding in *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). *Dalehite* involved claims for damages against the United States arising out of a disastrous explosion of ammonium nitrate fertilizer, which had been produced and distributed under the direction of the United States for export to areas occupied by the Allied Armed Forces after World War II. The Court concluded that the action was barred by § 2680 because the allegedly negligent acts involved governmental discretion "to act according to one's judgment of the best course" to follow as to the program generally and the handling of its product. *Dalehite*, 346 U.S. at 34, 73 S.Ct. at 967. The Supreme Court stated:

> It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the "discretionary function or duty" that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for pol-

icy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable. *Id.* at 35–36, 73 S.Ct. at 768 (footnote omitted).

The continuing vitality of the *Dalehite* decision was affirmed in *Varig Airlines,* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), which focused on the intent of Congress in enacting the statute and its legislative history. *Varig Airlines* involved tort actions by an airline and victims of an airplane accident who alleged that the Federal Aviation Administration (FAA) was negligent in certifying the airline because its trash receptacles did not satisfy safety regulations. The Supreme Court held that the FAA's certification process was immune under the discretionary function exception, stating that "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function applies in a given case." *Id.* at 813, 104 S.Ct. at 2764. With respect to congressional intent, the Court stated that the exception "plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." *Id.* at 813–14, 104 S.Ct. at 2764. Moreover, the Court said that the exception was meant to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 814, 104 S.Ct. at 2765.

Subsequent Seventh Circuit cases and their progeny have held that the discretionary function exemption barred plaintiff's claims based on the negligent acts and omissions of federal mine inspectors, *Hylin v. United States,* 755 F.2d 551 (7th Cir. 1985); based on the Environmental Protection Agency's failure to warn members of several households that dirt contaminated with dioxin had been used as residential landfill and failure to protect the households from exposure to the toxin, *Cisco v. United States through the Environmental Protection Agency,* 768 F.2d 788 (7th Cir.1985); and based on the government's negligence in the storage and handling of nuclear materials, *Fried v. United States,* 674 F.Supp. 636 (N.D.Ill.1987).

Neither the Supreme Court nor the Seventh Circuit have addressed the relationship of asbestos and the discretionary function exception since *Varig Airlines* reaffirmed the *Dalehite* holding on the interpretation of § 2680. However, the First and Fifth Circuits have considered this relationship in circumstances very similar to the case before this Court.

In *Shuman v. United States,* 765 F.2d 283 (1st Cir.1985), the First Circuit found that the government's failure to warn workers at a shipyard about the hazards of working with asbestos was a matter of administrative discretion, and the government was thus protected from liability under the FTCA's discretionary function exception. In reaching this conclusion, the court explained that "Congress intended to protect the government from tort suits based on negligence that was the result of the exercise of governmental discretion, despite the magnitude of the injuries that flow therefrom." *Id.* at 295.

The Fifth Circuit, in *Gordon v. Lykes Brothers Steamship Co.,* 835 F.2d 96 (5th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 73, 102 L.Ed.2d 50 (1988), held that the government's decision to use existing ships with asbestos insulation, to construct new ships with asbestos insulation, and the government's failure to maintain safe working conditions fell within the discretionary function exemption. The court noted that "[t]he exception 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" *Id.* at 98, *quoting Varig Airlines,* 467 U.S. at 808, 104 S.Ct. at 2762.

## III. APPLICATION OF LAW

Fairchild's allegations are fourfold: that the United States and the Air Force were negligent in failing to warn Baker and Fairchild of the dangers of asbestos inhalation, in supplying asbestos tape to Baker

**716**

and requiring him to use it in his work on the airplane, in allowing asbestos dust to remain in the workplace, and in failing to provide Baker with protective equipment to prevent inhalation of asbestos.

 The first of these, failure to warn, is squarely disposed of under *Cisco*, which holds that the government's failure to warn affected individuals of a health hazard is plainly a judgment which falls within the governmental immunity granted for discretionary functions. This view was reinforced in an asbestos-context in *Shuman*.

 The second allegation, that the defendants supplied asbestos tape to Baker and required him to use it, must also be dismissed under the discretionary function exemption. The deposition of Theron Rinehart is cited by both Fairchild and the United States for the proposition that the specifications for the aircraft in question were drawn by Air Force personnel. It is in accordance with these specifications that Baker was given and required to use asbestos tape. Recently, the Supreme Court ruled that "the selection of the appropriate design for military equipment to be used by our Armed Forces is assuredly a discretionary function within the meaning of [§ 2680]." *Boyle v. United Technologies Corp.*, —— U.S. ——, 108 S.Ct. 2510, 2517, 101 L.Ed.2d 442 (1988).

 The third allegation, that the defendants allowed asbestos dust to remain in the workplace, is also a decision which is within the parameters of the discretionary function exception. The plaintiffs in *Gordon* charged the United States with, among other things, "failure to maintain safe working conditions," *Gordon*, 835 F.2d at 99, and the court found that this action was within the reach of the discretionary function exemption.

 The fourth allegation is that the defendants failed to provide Baker with protective equipment to prevent inhalation of asbestos. This is similar to an allegation in *Shuman*, which the court found to be a pertinent finding to its disposition of the case. *Shuman*, 765 F.2d at 288. Nevertheless, the court determined that all of the Navy's actions in that case were covered by the discretionary function exception.

 Additionally, Fairchild generally alleges that the defendants were negligent in failing to establish a policy concerning the use of asbestos at Scott Air Force Base. Even assuming this allegation to be true, the Court nonetheless finds that subject matter jurisdiction is lacking. As the *Shuman* court clearly stated, "[l]ack of due care in promulgating a policy, *or in having no policy or program at all on an issue*, however imprudent it might seem, is encompassed within the discretionary function exception." *Id.* at 290 (emphasis added).

### IV.   CONCLUSION

Upon review of the record, the Court finds that it lacks subject matter jurisdiction. In light of this finding, it becomes unnecessary for the Court to address defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or defendants' alternative motion for summary judgment under Fed.R.Civ.P. 56. Accordingly, the Court GRANTS the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Fairchild's second amended third-party complaint is therefore DISMISSED.

IT IS SO ORDERED.