In the Matter of the **ESTATE OF Richard GLEASON, Deceased, by George GLEASON, as Special Administrator and as Father of the Deceased, and Winifred Gleason, as Mother of the Deceased, Appellant,**

v.

**UNITED STATES of America on behalf of its Agency DEPARTMENT OF the ARMY CORPS OF ENGINEERS, First Doe, Second Doe, Third Doe, Fourth Doe and Fifth Doe, Appellees.**

No. 88–1400.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1988.

Decided Sept. 27, 1988.

Edward O. Moody, Little Rock, Ark., for appellant.

Patrick Harris, Little Rock, Ark., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

George and Winifred Gleason brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1982), for the wrongful death of their son, Richard Gleason, who was killed while riding his bicycle over a bridge, the design for which had been approved by the U.S. Army Corps of Engineers. The district court granted the government's motion for summary judgment on the ground that the discretionary function exception contained in 28 U.S.C. § 2680(a) applied and dismissed the complaint for lack of jurisdiction. The Gleasons appeal and we affirm.

On January 4, 1984, at 2:00 a.m., Richard Gleason was riding his bicycle north on the east side of the Main Street bridge over the Arkansas River at Little Rock, Arkansas. The concrete sidewalk ramp on which Gleason was riding turned into descending steps, and Gleason crashed down these

steps causing injuries which resulted in his death.

Gleason's parents filed this wrongful death action against the United States Army Corps of Engineers on August 12, 1986, alleging liability based on the Corps's approval of the bridge's allegedly defective design. Jurisdiction was invoked under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680 (1982).

The government filed a motion for summary judgment, arguing that the Corps owed no duty to the deceased and that it was protected by sovereign immunity under the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). The district court granted the government's motion, finding that the Gleasons' claims were barred by sovereign immunity because the Corps of Engineers was exercising a planning-level function in approving the design for the bridge, the nature of which fell under the discretionary function exception to the FTCA. This appeal followed.

On appeal, the Gleasons contend that the district court erred in granting the government's motion for summary judgment as a genuine issue of material fact exists concerning whether the government's negligence in approving the allegedly defective design of the Main Street bridge is protected by the discretionary function exception.

Suits may be brought against the United States under the FTCA, 28 U.S.C. § 1346(b), where death results from the negligence or omission of any government employee acting within his official capacity, " 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' " *Madison v. United States,* 679 F.2d 736, 738 (8th Cir.1982) (quoting 28 U.S.C. § 1346(b)). The discretionary function exception to this rule, 28 U.S.C. § 2680(a), states that 28 U.S.C. § 1346(b) shall not apply to:

Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not

such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

Although not rigidly defined, the discretionary function exception includes more than the initiation of programs and activities. It includes determinations made by "administrators in establishing plans, specifications or schedules of operations." *Dalehite v. United States,* 346 U.S. 15, 35–36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953) (footnote omitted). Cases in this circuit have consistently held that the FTCA applies to decisions by federal agencies at the "operational" level, whereas decisions or omissions on the "policy or planning" level are exempt under the statute's discretionary function exception. *See Bacon v. United States,* 810 F.2d 827, 828–29 (8th Cir.1987); *Mandel v. United States,* 793 F.2d 964, 967–68 (8th Cir.1986); *Aslakson v. United States,* 790 F.2d 688, 690–91 (8th Cir.1986) (analyzing *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 813–14, 104 S.Ct. 2755, 2764–65, 81 L.Ed.2d 660 (1984), which discussed the contours of the discretionary function exception and recognized that Congress intended for the exception to apply when the government was involved in regulatory activities); *see also McMichael v. United States,* 856 F.2d 1026, 1031–1034 (8th Cir.1988) (analyzing *Berkovitz v. United States,* — U.S. —, 108 S.Ct. 1954 (1988)).

Applying these standards to the present case, we hold that the Corps of Engineers's participation in the approval of the Main Street bridge falls within the planning-level process, and is accordingly immune under the discretionary function exception. In so concluding, we note that the Corps of Engineers has had no involvement in the operation of the Main Street bridge; it participated in the approval of the bridge solely for the purpose of insuring a navigable

waterway.[1] The Arkansas State Highway Commission retains control over the location, operation, and execution of the design of the bridge, and makes decisions regarding the placement of warnings, signs, and barriers to prohibit personal injury and death. Under these circumstances, we conclude that the district court properly found that the Gleasons' suit is barred by sovereign immunity. *Cf. Butler v. United States,* 726 F.2d 1057, 1062–64 (5th Cir. 1984) (Corps of Engineers not immune under discretionary function exception where it retained operation and control over depression formed by dredging operations).

Accordingly, we affirm the district court.

---

1. The General Bridge Act of 1946, 33 U.S.C. § 525(b), which authorized the Corps of Engineers to approve a plan and location for the Main Street bridge, provides in pertinent part:

   (b) Approval of plans. The location and plans for such bridges shall be approved by the Secretary of Transportation before construction is commenced, and, *in approving the location and plans of any bridge, the Secretary may impose any specific conditions relating to* *the maintenance and operation of the structure which the Secretary may deem necessary in the interest of public navigation,* and the conditions so imposed shall have the force of law.

   33 U.S.C. § 525(b) (emphasis supplied). This language indicates that the delegation to the Corps of Engineers to approve the locations and plans for bridges is simply to ensure that navigation is not impeded.