**HAMBLETON et ux. v. UNITED STATES.**

No. 1984.

United States District Court
W. D. Washington, N. D.

Nov. 17, 1949.

Action by plaintiffs under the Federal Tort Claims Act, Title 28, U.S.C.A. § 2674, to recover $15,550.52 from defendant for personal injuries and damages alleged to have been sustained by plaintiff Mrs. Hambleton and for doctor and hospital bills for her care alleged to have been incurred by plaintiffs all as a proximate result of defendant's army sergeant in the line of his duty as a CID agent grilling plaintiff Mrs. Hambleton in plaintiffs' home for about 3½ hours concerning matters about which she had no knowledge and thereby subjecting her to such severe emotional stress when she was convalescing from a major operation that she suffered a complete mental collapse and insanity for more than a month, necessitating her undergoing hospital cure and medical treatment including severe electrical shock treatments which restored her sanity, although plaintiffs allege Mrs. Hambleton's mental disorder is likely to recur.

Defendant denies all of the foregoing allegations, of plaintiffs except defendant admits employment of the army sergeant and that the sergeant called at plaintiffs' home as alleged and defendant affirmatively alleges that plaintiffs' cause of action arose out of the sergeant's assault, misrepresentation and deceit for which the defendant is not liable and as to which the Court has no jurisdiction.

Stanley C. Soderland, and George R. West, Seattle, Washington, for plaintiffs.

J. Charles Dennis, U. S. Atty., and Vaughn Evans, Asst. U. S. Atty., Seattle, Washington, for defendant.

BOWEN, Chief Judge.

Here the tort of Sergeant Anderson was not in exercising his discretion to interro-

gate or not to interrogate plaintiff, Mrs. Hambleton, but such tort was in the negligent and distressing manner in which Sergeant Anderson conducted the interrogation of Mrs. Hambleton.

The principle, in my opinion, is like that which applies to the malpractice of a surgeon, who may in his honest discretion operate or not operate, but if he does so, he must apply to such operation that professional skill which is ordinarily applied by reasonably competent surgeons. For his failure to do so, he is liable to the patient for any proximately resulting injuries and damages.

So here, even if Sergeant Anderson exercised discretion as to whether or not he should interrogate Mrs. Hambleton, he was, after deciding to do so, bound to apply reasonably prudent methods, use due and ordinary care, and to refrain from excessive grilling and any and all other emotionally distressing methods of interrogation likely to injure her body or mind or endanger her health, but Sergeant Anderson did not act within that principle. On the contrary, he grilled Mrs. Hambleton for an unreasonably long time and put to her excessively repetitive questions concerning delicate personal subjects connected with her husband's marital and personal misconduct not related to the person whom Sergeant Anderson was investigating.

As a proximate result of Sergeant Anderson's excessive and unreasonable grilling of Mrs. Hambleton, she sustained a psychic trauma and psychosis putting her out of her mind and requiring that she have electric shock treatments and other hospital care at the Crown Hill Hospital for mental and nervous disorders. Fortunately she has recovered, due to the success of such shock treatments.

Thus, as a proximate and direct result of Sergeant Anderson's negligence and wrongful conduct, plaintiff Mrs. Hambleton has sustained physical and mental injuries and doctors' and hospital bills for which defendant United States of America, whose agent Sergeant Anderson was, is liable to plaintiffs.

For plaintiffs' general damages, the Court awards to them against defendant the total sum of $5,000 and for their special damages, plaintiff Mrs. Hambleton's doctor bill of $270 in respect to Dr. Riley's services and $280.52 for the Crown Hill Hospital bill.