**D. Howard McMANN d/b/a Newman Construction Company, Plaintiff-Appellant,**

v.

**NORTHERN PUEBLOS ENTERPRISES, INC., United States Department of the Interior, Bureau of Indian Affairs, First National Bank of Santa Fe, John Snider and Gerald Bretag, Defendants-Appellees.**

**No. 77–1146.**

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 16, 1978.

Decided March 15, 1979.

John M. Wells, Albuquerque, N. M., for plaintiff-appellant D. Howard McMann d/b/a Newman Const. Co.

J. H. Burttram, Santa Fe, N. M., for defendants-appellees Northern Pueblos Enterprises, Inc. and John Snider.

Victor R. Ortega, U. S. Atty., Charles N. Estes, Jr., Asst. U. S. Atty., Albuquerque, N. M., for defendants-appellees U. S. Dept. of the Interior, Bureau of Indian Affairs and Gerald Bretag.

Kenneth Bateman of White, Koch, Kelly & McCarthy, Santa Fe, N. M., for defendant-appellee First Nat. Bank of Santa Fe.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal from an order granting motions for summary judgment for lack of subject matter jurisdiction. We affirm.

Northern Pueblo Enterprises, Inc. (NPEI) contracted with the Bureau of Indian Affairs (BIA) for the construction of fencing on the Hopi-Navajo Joint-Use Administration Area in Arizona. NPEI subcontracted the fencing job to D. Howard McMann.[1] NPEI encountered financial difficulties, failed to pay McMann $31,598.87 allegedly due on the completed subcontract, and thereafter assigned its interest in all payments due or to become due to the First National Bank of Santa Fe. The BIA meanwhile has retained $15,718.70 earned by NPEI but unpaid pending legal order to disburse the fund. McMann filed suit against the BIA and one of its contracting officers, NPEI, NPEI's assignee First National Bank of Santa Fe, and one of the bank's employees. McMann's causes of action against the BIA and its officer are based on the theory that they negligently failed to require NPEI to post a surety bond for the protection of subcontractors as required by the Miller Act, 40 U.S.C. §§ 270a–270d (1976), and that such negligence is actionable under provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674 (1976).[2] Since the pleadings do not suggest any grounds for independent federal jurisdiction over the non-government defendants, we must assume that the claims against them were brought on a pendent jurisdiction theory.

■ The District Court dismissed the claims against all the defendants, concluding, among other things, that the action against the BIA was not cognizable under the Federal Tort Claims Act. This conclusion was correct and is dispositive of this appeal. Federal district courts have no jurisdiction under the Federal Tort Claims Act over subcontractor suits alleging negligent failure of the federal government or its officers to require a prime contractor to post a Miller Act bond. *Devlin Lumber & Supply Corp. v. United States,* 488 F.2d 88 (4th Cir. 1973) (per curiam); *United States v. Smith,* 324 F.2d 622 (5th Cir. 1963); *Kennedy Electric Co. v. United States Postal Service,* 367 F.Supp. 828, 833 (D.Colo.1973), *aff'd on other grounds,* 508 F.2d 954 (10th Cir. 1974).[3] The Federal Tort Claims Act permits suit against the government only in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (1976). As the Miller Act deals exclusively with federal contracts, private persons would never be in a position to require the posting of a Miller Act bond by a contractor. It follows that private persons could not possibly be liable for any

1. McMann was doing business as Newman Construction Co., a name shared by an inactive New Mexico corporation. There is dispute in the record as to whether or not McMann was authorized to use that corporate name in light of his failure to legally activate it. We need not reach this issue since we affirm on jurisdictional grounds only.

2. McMann also asserted jurisdiction under 28 U.S.C. § 1346(a)(2) (1976) of the Tucker Act. On appeal, McMann concedes the District Court lacked jurisdiction under this section to consider any of his claims.

3. Contrary to appellant's assertion, our decision in *Kennedy* provides no authority for bringing a Miller Act claim under the Federal Tort Claims Act. The action against the government in that case was authorized by independent jurisdictional statutes, 28 U.S.C. § 1339 and 39 U.S.C. § 409(a). 508 F.2d at 955. The trial court in *Kennedy* expressly ruled that the Federal Tort Claims Act was not applicable. 367 F.Supp. at 833.

negligent failure to insist on the posting of such a bond. Since a private person could not be liable for such failure, the United States could not be under the provisions of the Federal Tort Claims Act.

▪ The trial court gave McMann an opportunity to amend his complaint. McMann elected not to do so. As there was no subject matter jurisdiction over the alleged federal claims, there was no pendent jurisdiction to decide the claims against the non-government defendants, and the trial court was required to dismiss them. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3567 at 444 (1975).[4]

4. Appellant's theory of jurisdiction against the private parties would appear to be based on the "pendent parties" concept. C. Wright, *Handbook of the Law of Federal Courts* 76 (3d ed. 1976). Although historically not considered within the ambit of the pendent jurisdiction doctrine, the concept has found acceptance with many lower federal courts and the commentators. *Id.* at 75–76. *But see Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Ayala v. United States,* 550 F.2d 1196 (9th Cir. 1977), *cert. dismissed,* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978). Since the exercise of jurisdiction over pendent parties is more questionable than the exercise of traditionally recognized pendent jurisdiction, *Aldinger v. Howard,* 427 U.S. at 18, 96 S.Ct. 2413, the standards in *Gibbs,* a case involving the latter, would apply *a fortiori* to "pendent parties" jurisdiction, even assuming that "pendent parties" jurisdiction is a valid concept—a matter which is still not settled. *See, e. g., Ayala v. United States,* 550 F.2d at 1197–1201.