**Vernon R. McCREARY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 79–276.**

United States District Court, W. D. Pennsylvania.

May 8, 1980.

Henry G. Beamer, Pittsburgh, Pa., for plaintiff.

Mary L. Grad, Trial Atty., Torts Branch, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

This matter is before me on the defendant's Motion To Dismiss or for Summary Judgment.

The defendant, United States of America, filed its Motion to Dismiss or for Summary Judgment in the action entered by the plaintiff, Vernon R. McCreary, for injuries which he alleged he suffered at the Craig

Strip Mine in Indiana County, Pennsylvania. He brings this action on the basis of the defendant's failure to act as negligence, or that negligence of the defendant contributed to the plaintiff's injuries and therefore the defendant is liable under the Federal Tort Claims Act.[1]

The plaintiff charges that the agents of the Secretary of Labor, the Mine Safety & Health Administration (MSHA) conducted inspections of the Craig Strip Mine in Indiana County, Pennsylvania, on or before August 27, 1976 and found several violations but did not close down the mine or the tipple[2] or the conveyor belt connected therewith, or warn of the dangers which existed. The plaintiff asserts that he was injured on August 28, when his clothes became entangled in the conveyor belt and resulted in his right arm being torn off at the shoulder. Thereafter, agents of the defendant inspected the tipple and conveyor belt and found them to be dangerously defective.

The defendant has filed its motion alleging that the plaintiff has not demonstrated that the defendant owed any duty to the plaintiff under the circumstances. The defendant contends, and the plaintiff does not disagree, that the Federal Tort Claims Act in and of itself does not establish any substantive cause of action in a private person to sue the government. Title 28 U.S.C. § 2674 provides, "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . .".

■ This means that the Federal Tort Claims Act does not create any new cause of action against the government, but merely waives sovereign immunity with reference to recognized causes of action. *Dalehite v. United States*, 346 U.S. 15, 43, 73 S.Ct. 956, 971, 97 L.Ed. 1427 (1952); *Feres v. United States*, 340 U.S. 135, 142, 71 S.Ct. 153, 157, 95 L.Ed. 152 (1950). Accord, *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976).

Thus, in order for the government to be held to owe some duty in tort, there must exist some federal statute or an applicable state law which provides for the substantive cause of action. However, the mere existence of a federal statute does not of itself create a cause of action. As held in *McMann v. Northern Pueblos Enterprises, Inc.*, 594 F.2d 784, 785 (C.A.10, 1979), the Miller Act does not of itself create a cause of action and negligent enforcement of it does not create liability in the government. The same result occurred in *Zabala Clemente v. United States*, 567 F.2d 1140, 1149, 1150 (C.A.1, 1977), involving the Federal Aviation Act of 1958 and in *Davis v. United States*, 395 F.Supp. 793 (D.C.Neb., 1975), involving the Occupation Safety and Health Act.

■ The plaintiff has specifically cited in his complaint in paragraphs 12(d) and 13(f) that the defendant has committed negligence in the enforcement of the Coal Mine Health and Safety Act of 1969[3]; the plaintiff cites no other federal statute upon which he relies. According to *Kilpatrick v. United States*, 79–P–1106–J (N.D.Ala., March 19, 1980) there is no implied private right of action under the Coal Mine Health and Safety Act of 1969.[4] Thus, the plaintiff has demonstrated no cause of action pursuant to any federal statute.

The only other basis upon which the plaintiff can assert that the government

---

1. 28 U.S.C. § 1346(b). ". . . [T]he District Courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. A tipple is the surface preparation and loading area of a coal mine, where the extracted coal is washed, sorted to remove rock and other impurities and loaded for shipment.

3. 30 U.S.C. § 801 et seq.

4. Supra.

owes a duty to the plaintiff is upon the law of the Commonwealth of Pennsylvania, the place where the accident occurred. Under Pennsylvania law, the only possible vehicle for imposing a duty upon the government is through the so-called "good samaritan" rule as set forth in the Restatement Second of Torts, §§ 323, 324A (1965) adopted as part of the common law of Pennsylvania. *Hamil v. Bashline*, 243 Pa.Super. 227, 364 A.2d 1366 (1976). What these Restatement sections provide is that when a party undertakes to render services to another and fails to exercise reasonable care in his performance, that party can be held liable for any ensuing damages. But in order for these sections to apply there must have been a direct rendition of services to the person claiming harm. *Roberson v. United States*, 382 F.2d 714, 721–722 (C.A.9, 1967); *Johnston v. United States*, 461 F.Supp. 991, 993 (N.D.Fla., 1978).

■ In *Mercer v. United States*, 460 F.Supp. 329 (S.D.Ohio, 1978), the court held that the government could not be held liable for damages pursuant to these sections of the *Restatement* for the negligent performance of an inspection authorized pursuant to the Metal and Nonmetallic Mine Safety Act, 30 U.S.C. § 721 et seq. The Court in *Mercer*, at page 332, stated that the statutory inspection does not constitute a rendering of services to another because the inspector is rendering services on behalf of the government for the benefit of the government and not for the benefit of another. The identical result occurred in *Kilpatrick, supra*, where the inspection was carried out pursuant to the Coal Mine Health and Safety Act and the court held that such inspections do not constitute rendering services to the miners within the meaning of these *Restatement* sections. Thus, there is no basis under federal or state law which would hold the government to any duty to the plaintiff.

The plaintiff in his Response to Defendant's Motion to Dismiss, or for Summary Judgment, argues that its deposition of Albert L. Bonacci presents a question of material fact as to whether the government went beyond its discretionary powers and thus not entitling the government to the "discretionary function" exception under the Federal Tort Claims Act, 28 U.S.C. § 2680(a)[5], which frees the government from liability in certain cases. The plaintiff contends § 2680(a), "discretionary function" exception is not applicable on the basis of several cases which hold such exception inapplicable where the negligence of the government employee in a regulatory activity occurred after the protected discretion. *S. Schonfeld Co. v. SS Akra Tenaron*, 363 F.Supp. 1220 (D.C.S.C.1973); *Logue v. United States*, 334 F.Supp. 322 (D.C.Tex., 1971); *Hambleton v. United States*, 87 F.Supp. 994 (D.C.Wash., 1949).

However, the defendant's motion is not based upon the § 2680 exemption under the Federal Tort Claims Act. Rather, the defendant contends, and has demonstrated, that the plaintiff has not answered the threshhold question of whether the government owed any duty at all to the plaintiff; and without a duty being owed, there is no prima facie case. Further, the cases cited by the plaintiff are not supportive of his claim of § 2680 exemption. In *Schonfeld, supra*, the government took actual possession of the goods that the government agents allegedly negligently inspected. In *Logue, supra*, the government had actual possession of the prisoner who hanged himself, allegedly due to the negligent care of government agents; and in *Hambleton, supra*, the plaintiff was in the custody of government agents when the alleged injury took place.

5. § 2680. Exceptions
"The provisions of this chapter and section 1346(b) of this title [28 USCS § 1346(b)] shall not apply to—
(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

These cases sharply contrast with the matter before me where the government had no possession of or custody over the plaintiff, the Craig Strip Mine or any of its instrumentalities. This case falls four-square with *Kilpatrick, supra,* both on the facts and on the law, wherein the defendant's motion to dismiss was granted.

For these reasons the defendant's Motion To Dismiss will be granted.