**SOUTHERN OHIO COAL COMPANY (84–3910), U.S. Coal, Inc. (84–5688), Plaintiffs-Appellees,**

v.

**SECRETARY OF LABOR, et al., Defendants-Appellants.**

Nos. 84–3910, 84–5688.

United States Court of Appeals, Sixth Circuit.

Jan. 2, 1986.

Before KEITH, MERRITT and WELLFORD, Circuit Judges.

ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.

The panel has further reviewed the petition for rehearing and the petition is denied.

Upon consideration it is ORDERED that the opinion filed October 2, 1985, 774 F.2d 693, be amended as follows. The text below is to be appended to Section V, Failure to Exhaust Administrative Remedies:

"This court in *Securities & Exchange Commission v. WACO Financial, Inc.,* 751 F.2d 831 (1985), held that a due process based collateral attack by the defendants in an enforcement action brought by the S.E.C. would not be heard because this question was never raised in the disciplinary proceedings and was thus waived. There was no attempt to challenge the Act itself, only the procedures followed in enforcing it.

The issue which WACO and Prevatte sought to raise had nothing to do with the constitutionality of a congressional enactment.... These questions should have been raised in the administrative proceedings.... The S.E.C. should have

an opportunity to correct any deficiencies in the NASD proceedings before issuing its final order.

*S.E.C. v. WACO* at 834.

The situation in the instance case, unlike *WACO*, involves a direct constitutional due process challenge by plaintiffs to the constitutionality of a rule adopted under 30 U.S.C. § 815. In effect, there is here a constitutional challenge to an enactment by Congress as interpreted through rulemaking by the Agency created by Congress to enforce the act which provides, inter alia, that the Secretary of Labor "shall order the immediate reinstatement of the miner...." Plaintiffs had been ordered, without any meaningful opportunity for hearing, to reinstate miners allegedly discharged for good cause and/or physical inability to perform. There was no waiver before an agency of the constitutional claim as in *WACO*. The constitutional deficiency was in what the Act itself together with the challenged Rule provided *before* any meaningful hearing was afforded. Compare *Oestereich v. Selective Service Board*, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) where a direct challenge to a part of the Selective Service Act and administrative procedures adopted thereunder were permitted without requirement of exhaustion.

> But where the only question is whether it is constitutional to fasten the administrative procedure onto the litigant, the administrative agency may be defied and judicial relief sought as the only effective way of protecting the asserted constitutional right.

*California Utilities Commission v. United States*, 355 U.S. 534, 540, 78 S.Ct. 446, 450, 2 L.Ed.2d 470 (1958).

It should also be pointed out that the specific challenge presented by plaintiffs to the Rule in question has heretofore been addressed to the Secretary and the minor change in the rule did not eliminate the constitutional problem inherent in the scheme of the Secretary.