905 F.2d 1529
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Loretta HOWARD, Administratrix of the Estate of Lorenzo C.
Howard, deceased, Plaintiff-Appellant,
v.
Jim R. MILAM, a/k/a Jimmy Milam, a/k/a Jimmie R. Milam;
Carter Lee Wolford; Larry Robinette; Adery Pacific,
employees, agents, and servants; and Tall Timber Coal
Company; Rawl Sales and Processing Co.; A.T. Massey Coal
Company, Inc.; St. Joe's Minerals Corporation; Fluor
Corporation; Scallop Corporation; Bureau of Mine Safety
and Health Administration, (United States Department of
Labor), jointly and severally, Defendants-Appellees,
National Labor Relations Board, Party-in-Interest-Appellee.
 No. 88-2966.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1990.
Decided May 10, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (No. CA-84-3526)
 Richard Engram, Jr., Welch, W.V., for appellant.
 Norman Keith Fenstermaker, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W.V., Carol A. Casto, Office of the United States Attorney, Charleston, W.V. (Argued), for appellees; Michael W. Carey, United States Attorney, Gary E. Pullin, Assistant United States Attorney, Charleston, W.V., Howard M. Persinger, Jr., Williamson, W.V., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PHILLIPS, Circuit Judge:
 
 
 1
 Loretta Howard (Howard), as administratrix of the estate of her deceased husband Lorenzo C. Howard, brought this wrongful death action after her husband was killed in an accident at a Pike County, Kentucky, coal mine. She alleged that negligent acts of a fellow employee, various supervisory personnel, and corporate defendants, and breach of statutory duty by the United States Mine Safety and Health Administration, proximately caused the death of her husband. The district court dismissed the case for lack of subject matter jurisdiction. Finding complete diversity lacking, the court considered the alleged bases for federal question jurisdiction and ruled that Howard had failed to state a justiciable federal claim. We agree with the district court that Howard failed to state a justiciable federal claim and affirm on that basis.
 
 
 2
 * Lorenzo Howard, an employee of defendant Tall Timber Coal Company ("Tall Timber"), was killed on February 10, 1984, when he was struck by a "continuous miner machine" operated by a fellow employee, defendant Milam. The equipment was removed from the scene of the accident before federal investigators arrived, and certain roofing structures in the mine were reinforced to bring the mine into compliance with federal regulations. The investigative team from the United States Department of Labor's Mine Safety and Health Administration ("the Agency") ruled that the decedent had placed himself in a hazardous position near the miner machine and that it could not be determined how he was struck and killed.[1] No citations were issued to Tall Timber, though the investigators' report did note that the actions altering the scene of the accident violated federal regulations.
 
 
 3
 Howard, a West Virginia resident, filed this wrongful death action in West Virginia district court on November 7, 1984. Jurisdiction was premised on general federal question jurisdiction, 28 U.S.C. Sec. 1331, the Federal Tort Claims Act (FTCA), and the Administrative Procedure Act (APA), with pendent state claims asserted under Kentucky statutory and case law. Howard claimed that Milam was negligent in the operation of the mining machine, that Tall Timber supervisors were negligent for failing to train and then assign properly trained personnel to operate such machinery, and that the corporate defendants, allegedly aligned in parent and subsidiary relationships, were liable on the basis of respondeat superior. Some of these individual and corporate defendants were citizens of West Virginia. Howard also charged that the Agency had failed adequately to police or regulate the coal mining industry in Kentucky.
 
 
 4
 Early in the proceedings, defendants moved to dismiss the case for lack of subject matter jurisdiction.[2] In response, Howard sought in May 1985 to amend her complaint to delete the non-diverse defendants. Among the exhibits attached to the motion to amend was an internal National Labor Relations Board (NLRB or "the Board") memorandum, which Howard included apparently seeking application of the "single-employer" doctrine to the corporate defendants.[3] The memorandum had been prepared by Board counsel in an unrelated case, but analyzed the corporate relationships of the corporations named as defendants in this case. In June 1985, the NLRB moved to intervene for the limited purpose of seeking an order striking Howard's exhibit and recalling the memorandum. The NLRB also propounded interrogatories designed to elicit how Howard or her attorney obtained what it asserted was a confidential document. Howard responded by moving the court to compel joinder of the NLRB as amicus curiae or as an involuntary party-plaintiff or party-defendant. After a hearing, the court entered an order December 11, 1985, granting the Board's motion to intervene and ordering Howard to answer the interrogatories within forty-five days.
 
 
 5
 Howard did not respond to the Board's interrogatories within forty-five days. She filed objections to the interrogatories outside this time limit,[4] but a magistrate determined the objections were untimely and that any privilege that might have been available upon timely objection was waived. The magistrate ordered Howard to answer the interrogatories within ten days and rejected a response to that order by her counsel. The district court affirmed the magistrate's ruling; when Howard's attorney, Richard Engram, still refused to answer the propounded questions, the court entered a show cause order on threat of contempt. At the subsequent show cause hearing the district court, despite the magistrate's earlier waiver ruling, heard counsel's argument that the factual basis for his refusal to answer was protected by attorney-client privilege. The court rejected the privilege argument and counsel's offer at that time to withdraw the memorandum and substitute a district court opinion on the single-employer doctrine. Howard then requested that the district judge recuse himself, and when that motion was denied moved to transfer the case to another judge in the district. The district court denied the transfer motion, and this court, treating Howard's "appeal" of the denial of the transfer motion as a petition for mandamus, rejected her petition.[5]
 
 
 6
 Procedural maneuvering continued below. The district court did grant Howard's motion to amend her complaint in July 1986; defendants renewed motions to dismiss in response to the amended complaint. The court heard argument on the motions on June 25, 1987. The motions were under consideration until a status conference was held on March 14, 1988. At the status conference, the court granted Howard's motion to again amend her complaint, this time adding back the non-diverse defendants she deleted in the first amendment. On March 29, 1988, Howard filed a Freedom of Information Act (FOIA) claim seeking disclosure of the NLRB memorandum and moved the district court to stay the civil action pending resolution of the FOIA claim.[6]
 
 
 7
 The district court disposed of all outstanding motions and issues in a comprehensive memorandum order entered July 8, 1988. Addressing housekeeping matters first, the court confirmed that Howard would be allowed to amend her complaint, essentially restoring it to its original posture. The court rejected Howard's motion to stay pending resolution of the FOIA claim, finding that the question whether she could obtain the subject document was not relevant to the issues before the court and that, on balance of harms, greater harm would accrue from further delay in a case that had already dragged on over four years.
 
 
 8
 The court also "affirmed" its own order granting the NLRB's motion to intervene.[7] The Board had argued that it could intervene as a matter of right under Fed.R.Civ.P. 24(a)(2), but the court found it unnecessary to answer this question because it held that permissive intervention under Rule 24(b)(2) was appropriate. The court tied the intervention issue to the contempt issue as Engram apparently attempted to avoid a finding of contempt by arguing that the intervention, which led to the interrogatories he refused to answer, was inappropriate. The court reviewed the facts and found by clear and convincing evidence that there was no legal basis why Engram should not be held in contempt. Citing Fed.R.Civ.P. 37(b)(2)(D), the court awarded the Board reasonable expenses incurred as a result of Engram's refusal to obey the court's orders.
 
 
 9
 The court also ruled against Howard on the principal motions to dismiss for lack of subject matter jurisdiction. Because Howard had added non-diverse defendants as parties, the only question for the court was whether a basis for federal question jurisdiction was stated. First, the court found that Howard's failure to seek administrative remedies mandated dismissal of the FTCA claim against the Agency. In addition, under Kentucky law, the substantive law to be applied for the FTCA claim, the Federal Mine Safety and Health Act of 1977 ("the Act"), 30 U.S.C. Secs. 801-962, created no duty on the part of the government to a miner like Lorenzo Howard; even if the Act created a tort duty, recovery under the FTCA was barred because mine safety regulation and inspection is a "discretionary function."[8] The court further ruled, following established precedent, that no private right of action exists under the Act. Finally, the court ruled that the APA affords no independent basis for subject matter jurisdiction. The court denied Howard's request to amend the jurisdictional basis of her complaint.[9] Without a basis for federal question jurisdiction, the court dismissed the complaint as to all defendants.
 
 
 10
 Howard filed a motion pursuant to Fed.R.Civ.P. 59(e), requesting the district court to alter or amend the judgment. The court treated the motion as a Rule 60(b) motion and denied it. In a second order, the court indicated that it cited Rule 60(b) only to show that Howard demonstrated none of the traditionally recognized grounds for relief from judgment and that whether analyzed under Rule 59(e) or Rule 60(b), her motion was meritless.
 
 
 11
 This appeal followed. Howard's principal contention is that the district court erred when it ruled that it lacked subject matter jurisdiction over the case. In addition, she questions the court's management of the case, alleging that she was denied the right to a fair and impartial forum and challenging the various procedural rulings by the court and its imposition of contempt sanctions against Engram. We address first the jurisdictional question and then, in turn, the other issues.
 
 II
 
 12
 The first question here is the jurisdictional basis for the plaintiff's claim. We hold, in agreement with the district court, that Howard's complaint fails to state a claim arising under federal law. Rather than ruling, as did the district court, that in these circumstances subject matter jurisdiction was facially lacking, mandating summary dismissal, we hold that Howard's complaint fails to state a federal claim upon which relief can be granted and affirm the district court's dismissal on that basis.
 
 
 13
 * Howard asserts jurisdiction based on the general federal question statute, 28 U.S.C. Sec. 1331. The claim allegedly "arising under" federal law charges the Agency with breaching an asserted statutory duty under the Act to protect coal miners like Lorenzo Howard. She charges that as a direct and proximate result of the Agency's failure "to police or regulate the coal mining industry in the State of Kentucky and the conduct of the defendants," her husband was killed. Because there is no private right of action under the Federal Mine Safety and Health Act of 1977, and because Howard has no cause of action under the FTCA, she has stated no federal claim in her complaint.[10]
 
 
 14
 Courts uniformly have held, and we agree, that there is no private cause of action for violation of the Mine Safety and Health Act. See, e.g., Raymer v. United States, 660 F.2d 1136, 1140 (6th Cir.1981); Ayala v. Joy Mfg. Co., 580 F.Supp. 521, 525 (D.Colo.1984); McCreary v. United States, 488 F.Supp. 538, 539 (W.D.Pa.1980).[11] Howard's only response is the wholly conclusory, and manifestly unpersuasive, one that "[t]he government should be held accountable" in this case for allegedly negligent inspection and investigation of Kentucky's coal mines. Rather than presenting argument contrary to consistent authority, she argues that the Act is unconstitutional and discriminatory "because it denies 'miners' due process for violations by governmental officials in the inspection of the coal mines." This purported constitutional challenge is meritless: the Act without question passes the minimum rationality test for due process and equal protection challenges. See, e.g., Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 83, 93-94 (1978).
 
 
 15
 Howard's contention that the alleged negligence of Agency officials in enforcing the Act states a claim under FTCA also fails. She is precluded from bringing her claim under the FTCA because she did not first present that claim to the agency involved. "The FTCA clearly provides that, prior to bringing an action against the United States, a claimant 'shall have first presented the claim to the appropriate Federal agency.' " Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986) (quoting 28 U.S.C. Sec. 2675(a)).[12] The administrative exhaustion requirement was intended to improve and expedite disposition of monetary claims against the federal government, simultaneously enabling consideration of the claim by the agency with superior information and easing court congestion. See id. at 124 (citing Meeker v. United States, 435 F.2d 1219, 1222-23 (8th Cir.1970)). The requirement of filing an administrative claim is jurisdictional and may not be waived; dismissal is mandatory if the plaintiff fails to file a claim with the proper agency. Id. at 123-24.
 
 
 16
 Howard does not dispute that she made no effort to present her claim to the Agency. Her argument that filing this action within two years from the date the cause of action arose provided sufficient notice to the Agency and eliminated the need to press the claim administratively is simply incorrect. See Bernard v. U.S. Lines, Inc., 475 F.2d 1134, 1136 (4th Cir.1973) (filing suit in federal court insufficient) (per curiam); see also Henderson, 785 F.2d at 123-24 (filing state court suit insufficient). Howard also argued before the district court, and obliquely suggests in this court, that the administrative exhaustion requirement should be waived as futile because the Agency would have dismissed her claim on essentially the same grounds as the district court eventually cited to dismiss the case. This contention is flatly inconsistent with Congressional intent behind the exhaustion requirement, and is meritless. See Manko v. United States, 830 F.2d 831, 840 (8th Cir.1987). Finally, Howard's citation of Southern Ohio Coal Co. v. Secretary of Labor, 781 F.2d 57 (6th Cir.1986), supplementing 774 F.2d 693 (6th Cir.1985), does not support the argument that presentation of her claim to the Agency was not required. In Southern Ohio Coal, the court held that mine operators were not required to exhaust administrative remedies before mounting a court challenge on procedural due process grounds to an administrative rule adopted by the Secretary. In contrast, Howard's tort action is a paradigmatic case for administrative exhaustion under the FTCA.[13]
 
 B
 
 17
 The district court did not abuse its discretion in dismissing the entire case, federal and non-federal claims and defendants, once it determined that Howard's complaint stated no basis for federal question jurisdiction.[14] Though the court ultimately held, and we have affirmed, that there is no private cause of action under the Federal Mine Safety and Health Act, we cannot say that that claim was so facially insubstantial that summary jurisdictional dismissal was warranted. Federal jurisdiction was invoked to the extent necessary to determine that, in this case, no federal claim exists. See Ridenour v. Andrews Fed. Credit Union, 897 F.2d 715, 719 (4th Cir.1990). That federal jurisdiction was sufficient to support pendent jurisdiction over the state law claims even if the federal claims were, properly, dismissed. See generally 13B Wright, Miller, & Cooper, Sec. 3564. But the court followed the general rule that where all federal claims are dismissed before trial, any pendent state claims should be dismissed as well. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Ridenour, 897 F.2d at 722. The court did not abuse its discretion in declining to exercise pendent jurisdiction over the state law claims asserted against the non-federal defendants.[15] See, e.g., Abernathy v. Schenley Indus., 556 F.2d 242, 244 (4th Cir.1977).
 
 III
 
 18
 Howard also challenges the district court's management of the case and various procedural rulings before and after its ruling on appellees' dismissal motions. First, Howard contends that the court improperly permitted the NLRB to intervene and abused its discretion when it refused to stay the proceedings pending resolution of her FOIA claim. We find that these claims were mooted when the district court determined that Howard failed to state a justiciable federal claim. She also argues that the district court erred when it rejected her motion for relief from judgment. Subsumed in all these contentions is Howard's claim that the district judge was biased against her and that she was denied the right to a fair trial before an impartial decisionmaker. Finally, Howard attempts to challenge on appeal the district court's contempt finding and imposition of attorney's fees as sanction against her attorney Richard Engram. We reject each of these contentions.
 
 
 19
 * We summarily reject Howard's claim that the district court erred when it rejected her Rule 59(e) motion to alter or amend the judgment entered against her. She presented no new grounds for relief, and we have held that the district court correctly ruled that Howard failed to state a justiciable federal claim. It was no abuse of discretion to deny Howard's request to amend (for the third time) the jurisdictional basis of her complaint. See Smith v. Ayres, 845 F.2d 1360, 1366 (5th Cir.1988). The dismissal of the pendent state claims and parties was proper. The court did not abuse its discretion in denying Howard's motion. See Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989); see also Green v. Foley, 856 F.2d 660, 665 (4th Cir.1988) (abuse of discretion standard applies to review of denial of Rule 60(b) motion). See generally 11 Wright & Miller, Sec. 2817 (discussing overlap of Rule 59(e) and Rule 60).
 
 B
 
 20
 Howard's claim that she was denied the right to a fair trial before an impartial decisionmaker is completely unsubstantiated. In the absence of any other supporting facts, her claim is based solely on the fact that she lost most of the battles and ultimately the war in this case. We find nothing in the record that would raise fundamental fairness concerns.
 
 C
 
 21
 Finally, Howard attempts to raise on appeal the district court's imposition of contempt sanctions against her attorney Richard Engram.[16] The notice of appeal in this case was filed on behalf of Howard; Engram did not attempt to appeal the court's contempt ruling and imposition of sanctions. See Fed.R.App.P. 3(c) ("The notice of appeal shall specify the party or parties taking the appeal...."). The specificity requirement in Rule 3(c) is jurisdictional and inflexible. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 314-18 (1988). When a district court sanctions an attorney, the attorney is the real party in interest and the appeal must be taken in the attorney's name. See Rogers v. National Union Fire Insurance Co., 864 F.2d 557, 559-60 (7th Cir.1988); DeLuca v. Long Island Lighting Co., 862 F.2d 427, 429-30 (2d Cir.1988); see also 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice p 203.17 (1990). Engram might have been able to appeal the contempt ruling, see 15 Wright, Miller, & Cooper, Sec. 3914.42, at 444 (Supp.1990), but he is not a party to this action. See Bessette v. W.B. Conkey Co., 194 U.S. 324, 329 (1904). We are thus jurisdictionally barred from considering the appeal of the contempt finding and the award of sanctions against Engram.[17]
 
 IV
 
 22
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 An investigative team from the Kentucky Department of Mines and Minerals reached the similar conclusion that "the victim for unknown reasons positioned himself in an unsafe location which allowed the continuous miner boom to come in contact with him causing fatal injuries." A United Mine Workers investigator also concluded that decedent was in an "unsafe location" when fatally injured by the continuous miner
 
 
 [2]
 A magistrate's order entered April 15, 1985, noted that it was "apparent from a review of the record that serious questions with respect to subject-matter jurisdiction [were] raised by defendants' motions."
 
 
 [3]
 According to the district court, the single-employer doctrine and the NLRB memorandum apparently addressing the doctrine were presented by Howard as supporting her claim that the court could exercise personal jurisdiction over the corporate defendants in this case. See Howard v. Milam, No. 3:84-3526, slip op. at 21 n. 14 (S.D.W.Va. July 8, 1988)
 
 
 [4]
 Counsel captioned the response "Answers," but the district court found they were "quintessentially objections." Slip op. at 15 n. 8
 
 
 [5]
 See Howard v. Milam, No. 87-1634 (4th Cir. Dec. 18, 1987) (order denying petition for mandamus)
 
 
 [6]
 Howard had by this time returned the internal memorandum to the Board
 
 
 [7]
 The court treated Howard's "renewed motion to dismiss" the NLRB as a Fed.R.Civ.P. 60(b) motion for reconsideration of the court's earlier order granting the Board's motion to intervene. See slip op. at 18
 
 
 [8]
 See 28 U.S.C. Sec. 2680(a)
 
 
 [9]
 Howard had apparently requested, in the event that the court found no subject matter jurisdiction, leave to (again) amend the jurisdictional allegations of her complaint. After denying this request, the court added that even if the non-diverse defendants were deleted (for the second time), substantial questions of personal jurisdiction and, for defendant Tall Timber, subject matter jurisdiction, remained. See slip op. at 11 n. 6
 
 
 [10]
 In the jurisdictional statement of her complaint, Howard lists the Administrative Procedure Act, 5 U.S.C. Secs. 551-559, 701-706, as an apparent basis for jurisdiction. The law is clear, however, that the APA provides no independent basis for federal jurisdiction when there is no substantive federal statutory (or common law) basis for the claim. See Califano v. Sanders, 430 U.S. 99, 105 (1977). See generally 14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d Sec. 3659 (1985) [hereinafter Wright, Miller, & Cooper]
 
 
 [11]
 The courts in Raymer and McCreary were interpreting the Coal Mine Health and Safety Act of 1969, which was redesignated the Federal Mine Safety and Health Act of 1977 with the passage of various administrative amendments that year; the court in Ayala was interpreting the redesignated 1977 act. The 1977 amendments effected no substantive change evincing any intent by Congress to create a private cause of action under the act
 
 
 [12]
 In relevant part, 28 U.S.C. Sec. 2675(a) states:
 An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.
 (Emphasis added.) The claimant must present the claim to the appropriate agency within two years after it accrues. See 28 U.S.C. Sec. 2401(b).
 
 
 [13]
 Given our affirmance of the jurisdictional dismissal of Howard's FTCA claim, we need not consider the district court's alternative rulings that under the applicable law, see 28 U.S.C. Sec. 2674, the law of Kentucky, the Agency breached no duty to the decedent, see Raymer v. United States, 660 F.2d 1136, 1144 (6th Cir.1981); Taylor v. United States, 521 F.Supp. 185, 187 (W.D.Ky.1981), and that her claim was barred by the "discretionary function" exception in 28 U.S.C. Sec. 2680(a), see Russell v. United States, 763 F.2d 786, 786-87 (10th Cir.1985) (per curiam); see also Hylin v. United States, 755 F.2d 551, 554 (7th Cir.1985) (construing Federal Metal and Nonmetallic Mine Safety Act) (per curiam)
 
 
 [14]
 Complete diversity was lacking, foreclosing diversity jurisdiction under 28 U.S.C. Sec. 1332(a)
 The district court did not specifically address its disposition of the non-federal claims and defendants in its memorandum opinion, but Howard apparently raised the issue of the pendent state parties and claims in her Rule 59(e) motion to alter or amend the judgment.
 
 
 [15]
 We note that the Supreme Court recently made clear that federal courts have no jurisdiction over pendent parties for whom an independent jurisdictional basis is lacking when the plaintiff alleges jurisdiction solely on the basis of a FTCA claim. See Finley v. United States, --- U.S. ----, 109 S.Ct. 2003 (1989). In view of our finding that dismissal was warranted for failure to state a claim upon which relief could be granted, we need not consider further the problems created by pendent party jurisdiction
 
 
 [16]
 We note that the issue of the propriety of the appeal of the contempt ruling and the imposition of sanctions was not raised by the parties
 
 
 [17]
 We observe, however, that a district court has inherent power to sanction attorneys by civil contempt for noncompliance with a court order and that judicial sanctions for civil contempt may be employed to compensate the complainant for losses sustained. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258 (1975); United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947); see also Fed.R.Civ.P. 37(b)(2) (court may require attorney to pay reasonable expenses, including attorney's fees, caused by failure to obey court order)